IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| APPLE TREE HOLDINGS, LLC<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:24-cv-00898 |
| NATIONWIDE GENERAL INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§ | |

**NOTICE OF REMOVAL**

Defendant Nationwide General Insurance Company ("Nationwide" or "Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Apple Tree Holdings, LLC v. Nationwide General Insurance Company*; Cause No. D-1-GN-24-004351; In the 201st Judicial District Court, Travis County, Texas.

## I.
## BACKGROUND

1. Plaintiff Apple Tree Holdings, LLC (hereinafter "Plaintiff") initiated the present action by filing its Original Petition against Nationwide in Cause No. D-1-GN-24-004351; In the 201st Judicial District Court, Travis County, Texas on July 16, 2024 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on August 9, 2024, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state

court file has been requested and will be filed upon receipt. The State Court Action docket sheet is attached as **Exhibit C**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record and to the clerk of the 201st Judicial District Court, Travis County, Texas.

5. Pursuant to 28 U.S.C. §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### A. Diversity of Parties

7. Plaintiff Apple Tree Holdings, LLC is a limited liability company. Citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Based on a diligent search of publicly available information, the sole member of Apple Tree Holdings, LLC is Tony Nguyen. After a diligent search of publicly available information, Tony Nguyen is an individual domiciled in the State of Texas. No other members of Apple Tree Holdings, LLC were discovered through a diligent search and review of publicly available records and Defendant has no reason to believe that any members share the citizenship of Defendant. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Defendant Nationwide General Insurance Company is a corporation organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Ohio.

9. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B. Amount in Controversy**

10. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Puckitt*, 2010 WL 2635626, at *3 (citing *Allen*, 63 F.3d at 1335). In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc*., 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiff's Original Petition pleads that "the damages will be more than $1,000,000." **Exhibit A**, Plaintiff's Original Petition, at § Prayer. Plaintiff further seeks damages for "the amount of the claims," attorneys' fees, penalty interest under Texas Insurance Code Chapter 542, exemplary damages, and treble damages for alleged knowing conduct. *See* **Exhibit A,** Plaintiff's Original Petition, at §§21, 31-36.

11. Therefore, the amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

**III.**
**CONCLUSION**

12. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

13. WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*

Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 9th day of August, 2024 to:

Shannon E. Loyd
Loyd & Pollom, P.L.L.C.
12703 Spectrum Dr., Ste. 201
San Antonio, Texas 78249
shannon@lp-lawfirm.com

***#9414 7266 9904 2224 3271 42***

*/s/ Patrick M. Kemp*
Patrick M. Kemp