

# Notice of Service of Process

null / ALL
Transmittal Number: 29512275
Date Processed: 07/17/2024

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>1 Nationwide Plz<br>Columbus, OH 43215-2226 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Nationwide General Insurance Company<br>Entity ID Number  3286564 |
| **Entity Served:** | Nationwide General Insurance Company |
| **Title of Action:** | Apple Tree Holdings, LLC vs. Nationwide General Insurance Company |
| **Matter Name/ID:** | Apple Tree Holdings, LLC vs. Nationwide General Insurance Company (15994340) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Travis County District Court, TX |
| **Case/Reference No:** | D-1-GN-24-004351 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/17/2024 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Loyd & Pollom, P.L.L.C.<br>n/a |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**DEFENDANT'S EXHIBIT A**

JUL 17 2024

# CITATION
## THE STATE OF TEXAS
### CAUSE NO. D-1-GN-24-004351

APPLE TREE HOLDINGS, LLC

, PLAINTIFF(S)

vs.

NATIONWIDE GENERAL INSURANCE COMPANY

, DEFENDANT(S)

TO: **NATIONWIDE GENERAL INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT**
**CORPORATION SERVICE COMPANY**
**211 E 7TH STREET #620**
**AUSTIN TX 78701**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

Attached is a copy of the **PLAINTIFF S ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **JULY 16, 2024** in the **201ST DISTRICT COURT** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **JULY 17, 2024**

REQUESTED BY:
**SHANNON ELIZABETH LOYD**
**12703 SPECTRUM DRIVE #201**
**SAN ANTONIO, TX 78249**

Velva L Price
Travis County District Clerk
Civil Family Court Facility (CFCF)
1700 Guadalupe Street, P.O. Box 679003 (78767)
Austin TX 78701

**Ruben Tamez, Deputy**

## RETURN

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock _____M., by delivering to the within named _____, each in person, a true copy of this citation together with the **PLAINTIFF S ORIGINAL PETITION** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas
Sheriff/Constable/Authorized Person

Sworn to and subscribed before me this the

_____ day of _____, _____.    By: _____

_____
Printed Name of Server

_____ County, Texas

Notary Public, THE STATE OF TEXAS
D-1-GN-24-004351                    **PCT 5 – CERTIFIED MAIL SERVICE**

7/16/2024 8:43 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-24-004351
Ruben Tamez

D-1-GN-24-004351

CAUSE NO. _____

| | | |
|---|---|---|
| APPLE TREE HOLDINGS, LLC | § | IN THE DISTRICT COURT |
| | § | 201ST, DISTRICT COURT |
| V. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| NATIONWIDE GENERAL INSURANCE | § | |
| COMPANY | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, APPLE TREE HOLDINGS, LLC, files this Original Petition against NATIONWIDE GENERAL INSURANCE COMPANY (referred to herein as "Nationwide") and in support thereof would show as follows:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES AND SERVICE

2. Plaintiff is doing business in Travis County, Texas.

3. Nationwide is in the business of insurance in the State of Texas. The insurance business done by Nationwide in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

1

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

4. Defendant, **Nationwide General Insurance Company**, may be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 via certified mail.

## JURISDICTION AND VENUE

5. Venue is appropriate in Travis County, Texas because all or part of the conduct giving rise to the causes of action were committed in Travis County, Texas and Plaintiff and property which is the subject of this suit are located in Travis County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## BACKGROUND FACTS

6. Plaintiff is the owner of an Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Nationwide. Plaintiff owns the insured Property which is located 4507 N Interstate 35, Austin, Texas 78722 and listed specifically in Exhibit A (hereinafter collectively referred to as "the Property"). Nationwide sold the Policy insuring the Property to Plaintiff.

7. During the terms of said Policy, Plaintiff's Property sustained covered losses when a hail/windstorm damaged the Property, and Plaintiff timely reported same to Nationwide pursuant to the terms of the Policy. Plaintiff asked that Nationwide cover the cost of repairs to the Property pursuant to the Policy. Nationwide failed to conduct a full, fair and reasonable investigation of Plaintiff's covered damages. In fact, Defendant prepared an estimate which vastly under-scoped the damage done to Plaintiff's Property. Nationwide has kept and have in their possession a claim file which details the Plaintiff's claim and their investigation,

adjustment and subsequent underpayment of the claim.

8. As detailed in the paragraphs below, Nationwide failed to fully investigate and adjust all damages associated with the loss, and Nationwide wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Nationwide delayed and continues to delay in the payment for all of the covered damages to the Property.

9. On April 29, 2024, a pre-suit notice letter was sent to Nationwide pursuant to Texas Insurance Code Chapter 541 and Chapter 542A.003(a). During the 61-day period before Plaintiffs filed suit, Nationwide did not make a written request for re-inspection of the Property and did not make a meaningful effort to resolve the dispute. Instead, Nationwide arbitrarily refused to fully pay for covered damages owed to Plaintiffs under the Policy.

## COUNT I
### BREACH OF CONTRACT FOR FAILURE TO INVESTIGATE AND AFFORD COVERAGE

10. Plaintiff was entitled to benefits under the Policy for the losses described herein, and Nationwide was obligated to pay the Plaintiff's claims for the subject losses. Nationwide failed to perform its contractual duty to adequately compensate Plaintiff under the terms of its Policy. Nationwide refused to pay the full proceeds of the Policy after delaying and conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. All conditions precedent to filing this lawsuit have been carried out and accomplished by Plaintiff or there was insufficient time before limitations would expire.

11. Plaintiff is covered under the Policy and renewal Policy for all claims asserted against Nationwide. Nationwide's failure and/or refusal, as described above, to pay Plaintiff

adequate policy benefits as it is obligated to do under the terms of the Policy in question, and under the law, constitutes a breach of the insurance contract with Plaintiff.

12. As a result of Nationwide's breach of contract, Plaintiff was damaged financially. Plaintiff has incurred and will continue to incur substantial attorneys' fees, court costs, claim expenses and other expenses in the bringing of this action. Nationwide is obligated to pay all claims, litigation costs, attorney fees, consequential damages and any judgment or settlement money for Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Nationwide for compensatory, incidental and consequential damages in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs. For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals.

## COUNT II
### VIOLATIONS OF CHAPTER 541.060(a)(7) OF THE TEXAS INSURANCE CODE

13. Under Section 541.060(a)(7), it is a violation if a carrier refuses to pay a claim without conducting a reasonable investigation with respect to the claim. This provision of the Insurance Code can be violated negligently or intentionally – it is typically within the purview of the jury to decide which. *See* TEX. INS. CODE Sec. 541.152(b) (on a finding by the trier of fact that the defendant knowingly committed the act complained of the trier of fact may award an amount not to exceed three times the amount of actual damages.) Violations of Chapter 541 follow a "producing" causation burden of proof, not "proximate" causation. Further, if the jury finds that the policy entitles the insured to receive policy benefits and that the insurer's

statutory violation resulted in the insured not receiving those benefits, the insured can recover the benefits as "actual damages . . . caused by" the statutory violation. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 494 (Tex. 2018). The Fifth Circuit and lower federal courts have held that adjusters' direct actions are the most relevant factors in determining insurance code liability, and this holds true irrespective of whether such individual is actually employed by the insurer or merely acting as an independent contractor.[1]

14. As set forth, Nationwide's conduct constitutes violations of Section 541.060(a)(7) for failure to conduct a reasonable investigaton of Plaintiff's claims. Texas law specifically recognizes that conducting an outcome-oriented investigation and/or relying on biased experts can be evidence of bad faith.[2]

15. As a result of Nationwide's violations of Section 541.060(a)(7) of the Texas Insurance Code, Plaintiff has been denied its rightful recovery under the Policy, and Plaintiff has been required to retain the undersigned counsel to prosecute this action in order to recover the proceeds of the Policy.

WHEREFORE, Plaintiff demands judgment against Defendant Nationwide for actual, incidental and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

---

[1] *See, e.g., Garza v. Geovera*, No. 13-CV-525, 2014 WL 66830, at *2 (S.D. Tex. Jan 18, 2014); *Rocha v. Geovera Specialty Insurance Co.*, No. 13-CV-0589, 2014 WL 68648, at *2 (S.D. Tex. Jan. 8, 2014); see also *Gasch v. Hartford Indem. Co.*, 491 F.3d, 278, 282 (5th Cir. 2007).

[2] *See, e.g., UPC v. Simmons*, 963 S.W.2d 42 (Tex. 1998); *UPC Lloyds v. Nicolau*, 951 S.W.2d 444 (Tex. 1997)

5

### COUNT III
### VIOLATIONS OF CHAPTER 541.060(a)(2) OF THE TEXAS INSURANCE CODE

16. Under Section 541.060(a)(2), it is a violation for a carrier to fail to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when its liability has become reasonably clear. Whether liability was reasonably clear is also typically within the purview of the jury to decide. This provision of the Insurance Code can be violated negligently or intentionally. *See* TEX. INS. CODE Sec. 541.152(b).

17. Nationwide's conduct constitutes conduct that also violates Section 541.060(a)(2). Defendant's liability was reasonably clear from its first inspection of the Property. Nationwide inspected these obvious damages and yet refused to pay any policy benefits. To date, Defendant has still not effectuated a settlement of the claims. Because it knows its duties under the Texas Insurance Code, this conduct also constitutes knowing/intentional conduct.

WHEREFORE, Plaintiff demands judgment against Defendant Nationwide for actual, incidental and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

### COUNT IV
### VIOLATIONS OF CHAPTER 541.060(a)(4)(A) OF THE TEXAS INSURANCE CODE

18. Under Section 541.060(a)(4)(A), it is a violation to refuse to affirm or deny coverage within a reasonable time. This provision of the Insurance Code can be violated negligently or intentionally. *See* TEX. INS. CODE Sec. 541.152(b). Nationwide failed to timely accept Plaintiff's claim for coverage under the Policy.

WHEREFORE, Plaintiff demands judgment against Defendant Nationwide for actual,

incidental and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

### COUNT V
### VIOLATIONS OF CHAPTER 541.060(a)(3) OF THE TEXAS INSURANCE CODE

19. Under Section 541.060(a)(3), it is a violation to fail to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims.

20. Nationwide wholly failed to provide Plaintiff with a *reasonable* explanation for its denial of payment. Because it knows its duties under the Texas Insurance Code, this conduct also constitutes knowing/intentional conduct.

WHEREFORE, Plaintiff demands judgment against Defendant Nationwide for actual, incidental and consequential damages and treble damages (three times the actual damages) for knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

### COUNT VI
### VIOLATIONS OF CHAPTER 541.060(a)(1) OF THE TEXAS INSURANCE CODE

21. Under Section 541.060(a)(1), it is a violation to misrepresent one or more material facts and/or policy provisions relating to coverage. The allegations above support Plaintiff's claims under Section 541.060(a)(1). Misrepresentations constitute a knowing/intentional violation of this Section.

WHEREFORE, Plaintiff demands judgment against Defendant Nationwide for actual, incidental and consequential damages and treble damages (three times the actual damages) for

knowing/intentional conduct pursuant to the Texas Insurance Code in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

### COUNT VII
### VIOLATIONS OF CHAPTER 542.055 OF THE TEXAS INSURANCE CODE

22. As alleged above, Nationwide failed to meet its obligations under the Texas Insurance Code Chapter 542.055 because it failed to timely acknowledge Plaintiff's claims, begin a reasonable investigation of Plaintiff's claims, and request all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated time of receiving notice of Plaintiff's claims. Nationwide also failed to timely pay the claim.

23. Texas' Chapter 542 Prompt Payment of Claims Act is a strict liability standard statute.[3] The statute requires only liability under the policy and a failure to comply with the timing requirements of the Act. There is no question that the Policy covers hail and wind damage; however, after the delay, full payment for repairs has not been issued. Defendant clearly failed to comply with the time requirements of the statute.

WHEREFORE, Plaintiff demands judgment against Defendant Nationwide for actual damages and prompt payment penalties at the rate of 10% interest calculated per annum on the amount of such actual damages pursuant to the Texas Insurance Code Chapter 542 in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

---

[3] *Agredano v. UPC Lloyds*, 975 F.3d 504, 507 (5th Cir. 2020)

## COUNT VIII
### VIOLATIONS OF CHAPTER 542.056 OF THE TEXAS INSURANCE CODE

24. Under Section 542.056, the insurer must notify the claimant in writing that it accepts or rejects the claim within the statutorily mandated time of receiving notice of Plaintiff's claims. Nationwide failed to accept or deny Plaintiff's full and entire claims within the statutorily mandated time of receiving all necessary information as alleged above. These actions by Nationwide constitute violations of Chapter 542.056 of the Texas Insurance Code.

WHEREFORE, Plaintiff demands judgment against Defendant Nationwide for actual damages and prompt payment penalties at the rate of 10% interest calculated per annum on the amount of such actual damages pursuant to the Texas Insurance Code Chapter 542 in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

## COUNT IX
### VIOLATIONS OF CHAPTER 542.057 OF THE TEXAS INSURANCE CODE

25. It is a violation of Section 542.057 for a carrier to fail to timely pay a claim. As described above, Nationwide did not promptly pay undisputed claim benefits it knew were owed. As well, to date, Defendant has still failed to pay covered benefits as alleged above.

WHEREFORE, Plaintiff demands judgment against Defendant Nationwide for actual damages and prompt payment penalties at the rate of 10% interest calculated per annum on the amount of such actual damages pursuant to the Texas Insurance Code Chapter 542 in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

## COUNT X
## VIOLATIONS OF CHAPTER 542.058 OF THE TEXAS INSURANCE CODE

26. It is a violation of Section 542.058 if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, a carrier delays payment of the claim for a period exceeding for more than 60 days. Nationwide has had Plaintiff's determination of the damages caused by hail and windstorm since 2023. To date, Defendant has payed nothing on Plaintiff's claims. Thus, Defendant has violated Section 542.058 by delaying payment of claims beyond 60 days.

WHEREFORE, Plaintiff demands judgment against Defendant Nationwide for actual damages and prompt payment penalties at the rate of 10% interest calculated per annum on the amount of such actual damages pursuant to the Texas Insurance Code Chapter 542 in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with attorneys' fees, interest and costs.

## COUNT XI
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

27. From and after the time Plaintiff's claim was presented to Nationwide, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment.

28. Nationwide's liability was reasonably clear from its first inspection of the Property. Defendant inspected these damages and yet delayed in paying even the policy benefits. To date, Defendant has still not effectuated a settlement of the claims.

29. Further, Nationwide's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time it knew or should have known by

the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

WHEREFORE, Plaintiff demands judgment against Defendant Nationwide for compensatory damages, including all forms of loss resulting from the Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount Defendant owed, and exemplary damages in an amount in excess of the jurisdictional limits of this Court to be determined by a jury, along with interest and costs.

## KNOWLEDGE

30. Each of the acts described above, together and singularly, was done "knowingly" by Defendant as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

31. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

32. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claims, together with attorney's fees and consequential damages.

33. For noncompliance with the Texas Insurance Code Chapter 541, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, consequential damages not covered by Plaintiff's Policy and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

34. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as five percent added to the

interest rate determined under Section 304.003, Finance Code, interest calculated per annum, on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

35. For breach of the Texas common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

36. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals.

### ADDITIONAL PLEADINGS

37. In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiff would show that:

38. The clear and unambiguous language of the policy provides coverage for damage to the Property caused by losses made the basis of Plaintiff's claims, including the cost of access to fix the damages;

39. Because of Defendant's material breach of the policy, Plaintiff was excused from performing on the contract following Defendant's breach.

40. In the alternative, any other construction of the language of the policy is void as against public policy;

41. Any other construction and its use by the Defendant violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

42. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

43. In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

44. In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

45. In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring reformation.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein. Plaintiff further requests that, on final hearing, Plaintiff has judgment against Defendant for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court. Pursuant to the statutory requirement, Plaintiff pleads that the damages will be more than $1,000,000. Plaintiff further pleads for costs of suit; for interest on the judgment; for pre-judgment interest; and for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against Nationwide, to which Plaintiff may be justly entitled.

Respectfully submitted,

LOYD & POLLOM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
Telephone: (210) 775-1424
Electronic Mail: shannon@lp-lawfirm.com

BY: _____
SHANNON E. LOYD
State Bar No. 24045706

ATTORNEY FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**